IN THE MATTER OF: S.B.

No. COA03-1001

(Filed 5 October 2004)

**Termination of Parental Rights— guardian ad litem for parent—substance abuse**

An order terminating a father's parental rights was reversed because the court did not appoint a guardian ad litem for him despite allegations and findings concerning substance abuse. N.C.G.S. § 7B-1111(a)(6).

Appeal by respondent father from order entered 26 March 2003 by Judge M. Patricia DeVine in Orange County District Court. Heard in the Court of Appeals 31 March 2004.

*Northen Blue, L.L.P., by Carol J. Holcomb and Samantha H. Cabe, for petitioner-appellee Orange County Department of Social Services.*

*Epting & Hackney, by Karen Davidson, for Guardian Ad Litem.*

IN RE S.B.

[166 N.C. App. 488 (2004)]

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford for respondent-appellant.*

ELMORE, Judge.

O.B. (respondent) appeals from an order entered 26 March 2003 terminating his parental rights with respect to his daughter, S.B. We note that a companion case, captioned *In the Matter of: S.B.*, COA03-1239, is filed concurrently with this opinion.[1] For the reasons set forth herein, we reverse the trial court's order.

The pertinent procedural and factual history as reflected by the record is as follows: In 2001 petitioner Orange County Department of Social Services (OCDSS) became involved with respondent and his family, which included his wife P.B., P.B.'s two minor children M.A. and T.I., and S.B., the biological child of respondent and P.B. In April and May 2001, OCDSS received referrals citing domestic violence in the home. An OCDSS investigation ensued, resulting in a substantiation of neglect due to (1) domestic abuse witnessed by the minor children and (2) abuse of crack cocaine and alcohol by respondent. A restraining order was entered against respondent in May 2001 and he subsequently left the home, although he remained involved with OCDSS. During this time respondent related to OCDSS an approximately 20-year history of abusing alcohol and cocaine. Respondent also described a turbulent relationship with his wife, P.B., which spanned approximately the same 20-year period and during which the couple often separated, then reunited. In keeping with this pattern, respondent violated the May 2001 restraining order by living off and on in the home with P.B. and the minor children. Respondent was arrested for violating the restraining order in October 2001.

On 17 January 2002, the district court granted OCDSS non-secure custody of S.B. and her two half-siblings after OCDSS filed a petition alleging neglect and dependency. The petition alleged that P.B.'s poor mental health contributed to her inability to consistently meet the special needs of her minor children, and specifically referenced incidents in which (1) the children were left overnight with an inappropriate caretaker and (2) M.A., then 13 years old, was left alone during the day to care for T.I. and S.B., causing M.A. to miss school. Respondent admitted to continued drug and alcohol abuse after the

---

1. COA 03-1239, which was heard by a different panel of this Court on 19 May 2004, is a separate appeal by S.B.'s mother from a separate order terminating her parental rights with respect to S.B.

IN RE S.B.

[166 N.C. App. 488 (2004)]

minor children were placed in OCDSS custody, and respondent resisted requests from both his wife and OCDSS to enter an inpatient substance abuse program. Respondent's continued substance abuse continued to cause conflict in his marriage. In August 2002, respondent acknowledged that his situation had not changed since the minor children were placed in OCDSS custody, and that he was not in a position to parent S.B. Throughout the summer and fall of 2002, respondent participated in TASC, an outpatient group substance abuse program, but he continued to report abusing substances during this time. During this time respondent also participated in CHANGE, a court-ordered program for domestic violence offenders.

Through October 2002 the permanent plan for each of the minor children was reunification, but in November 2002, after respondent acknowledged repeated substance abuse relapses and the situation between respondent and his wife remained unsettled, the permanent plan for S.B. was changed to adoption, and OCDSS was ordered to file a petition to terminate the parental rights of both respondent and P.B. with respect to S.B.

On 21 January 2003, OCDSS filed a motion in the cause to terminate respondent's parental rights with respect to S.B. The motion alleged, in pertinent part, as follows:

6. [Respondent] has neglected [S.B.] The juvenile shall be deemed to be neglected if the Court finds the juvenile to be a neglected juvenile within the meaning of G.S. 7B-101. [Respondent] has neglected [S.B.] in that:

a) Respondent has a twenty year history of substance abuse.

. . .

7. That [respondent] is incapable of providing for the proper care and supervision of [S.B.], such that [S.B.] is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition.

. . .

On 6 March 2003, a hearing was held on the OCDSS motion to terminate respondent's parental rights to S.B. By order entered 26 March

**IN RE S.B.**

[166 N.C. App. 488 (2004)]

2003, the trial court granted the motion and terminated respondent's parental rights with respect to S.B. The trial court's order contained the following pertinent findings of fact:

> 15. Dr. Ziff concluded and this Court finds that [respondent] is addicted to cocaine and alcohol. In addition to his addiction issues, [respondent] suffers from mental illness personality disorder(s), and a thought disorder.
>
> 16. Due to [respondent's] addictions, his mental illness, and his personality disorder(s), he is not able to parent.
>
> . . .

Based on these findings, the trial court concluded as follows:

> 2. The criteria exists to terminate respondent's parental rights pursuant to North Carolina General Statutes 7B-1111(a)(6) in that [respondent] is incapable of providing for the proper care and supervision of [S.B.], such that [S.B.] is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition.
>
> . . . .

From this order, respondent now appeals.

At the outset, we note that Section 7B-1101 of our General Statutes *mandates* appointment of a guardian ad litem to represent a parent in proceedings to terminate that parent's parental rights "*[w]here it is alleged* that [the] parent's rights should be terminated pursuant to G.S. 7B-1111[a](6), and the incapability to provide proper care and supervision pursuant to that provision is the result of *substance abuse,* mental retardation, mental illness, organic brain syndrome, or another similar cause or condition." N.C. Gen. Stat. § 7B-1101(1) (2003) (emphasis added).

Respondent's primary contentions on appeal are that various findings of fact are not supported by the record evidence, and that the findings in turn do not support the trial court's conclusion that grounds existed under N.C. Gen. Stat. § 7B-1111(a)(6) to terminate

**IN RE S.B.**

[166 N.C. App. 488 (2004)]

respondent's parental rights with respect to S.B. Although it is apparent from the record that (1) OCDSS' motion to terminate respondent's parental rights alleged, and the trial court concluded, that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) to terminate respondent's rights to S.B., and (2) a guardian ad litem was not appointed to represent respondent, respondent does not assign as error the trial court's failure to appoint a guardian ad litem to represent him during the termination proceedings. This Court has previously stated that "[w]hile N.C.R. App. P. 10(a) provides that 'the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal,' . . . N.C.R. App. P. 2 vests this Court with the authority to 'suspend or vary the requirements or provisions of any of [the Rules of Appellate Procedure] in a case pending before it upon application of a party or upon its own initiative' in order 'to prevent manifest injustice to a party[.]' " *In re Griffin*, 162 N.C. App. 487, 492, 592 S.E.2d 12, 16 (2004).

Our Supreme Court has recognized the " 'fundamental right of parents to make decisions concerning the care, custody, and control of their children,' " *Owenby v. Young*, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (2003) (quoting *Troxel v. Granville*, 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57 (2000)), and has stated that the judiciary's "obligation to protect the fundamental rights of individuals is as old as the State." *Corum v. University of North Carolina*, 330 N.C. 761, 783, 413 S.E.2d 276, 290 (1992). In light of the fundamental nature of respondent's right to parent S.B., we conclude that, on these facts, the potential for manifest injustice exists if the issue of the trial court's failure to appoint a guardian ad litem for respondent is not addressed. Accordingly, we hereby exercise our authority pursuant to N.C.R. App. P. 2 and suspend the provisions of N.C.R. App. P. 10(a) and 28(a) which limit our review to issues set forth as assignments of error in the record and briefs, so that we may consider *sua sponte* whether the trial court committed reversible error by failing to appoint a guardian ad litem for respondent. We hold that by failing to do so, the trial court committed reversible error.

Section 7B-1111(a)(6) (2003) of our General Statutes states that the trial court may terminate a parent's rights upon a finding that the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependant juvenile within the meaning of N.C. Gen. Stat. § 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. The statute specifically provides that "[i]ncapability

**IN RE S.B.**

[166 N.C. App. 488 (2004)]

under this subdivision may be the result of *substance abuse,* mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-1111(a)(6) (emphasis added).

This Court has previously held that "[i]n cases '[w]here it is alleged that a parent's rights should be terminated pursuant to G.S. 7B-1111(a)(6)[,]' our statutes require that a guardian ad litem be appointed to represent the parent." *In re Dhermy,* 161 N.C. App. 424, 429, 588 S.E.2d 555, 558 (2003) (quoting N.C. Gen. Stat. § 7B-1101(1)); *see also In re Estes,* 157 N.C. App. 513, 515, 579 S.E.2d 496, 498, *disc. review denied,* 357 N.C. 459, 585 S.E.2d 390 (2003). Moreover, "[f]ailure to meet this requirement results in remand of the case to the trial court for appointment of a guardian ad litem, as well as a rehearing." *Dhermy* at 429, 588 S.E.2d at 558; *In re J.D.,* 164 N.C. App. 176, 182, 605 S.E.2d 643, 646-47 (2004). This is true even when the respondent parent fails to request a guardian ad litem, and even where the respondent mother was likely not prejudiced by the error. *In re Richard v. Michna,* 110 N.C. App. 817, 822, 431 S.E.2d 485, 488 (1993).

In the present case, the motion in the cause to terminate respondent's parental rights with respect to S.B. alleges that "[r]espondent has a twenty year history of heavy substance abuse," then proceeds to allege, as grounds for termination of respondent's rights, S.B.'s juvenile dependency due to respondent's "incapability" in language that tracks the statutory language of section 7B-1111(a)(6). Moreover, the trial court's order contains findings regarding respondent's addiction to cocaine and alcohol, as well as his mental illness and personality disorder, and the effect of these conditions on his ability to parent S.B. Finally, the trial court specifically concluded that "criteria exists to terminate respondent's parental rights pursuant to North Carolina General Statutes 7B-1111(a)(6)[.]" Accordingly, respondent was entitled, pursuant to section 7B-1101 and to previous decisions of our appellate courts, to appointment of a guardian ad litem before the trial court heard the motion to terminate his parental rights. Because the statutory mandate for appointment of a guardian ad litem was violated, we reverse the order terminating respondent's parental rights with respect to S.B. and remand this case for appointment of a guardian ad litem for respondent and a rehearing.

**IN RE S.B.**

[166 N.C. App. 494 (2004)]

Reversed and remanded.

Judges McCULLOUGH and BRYANT concur.