IN THE MATTER OF: S.B.

No. COA03-1239

(Filed 5 October 2004)

**Termination of Parental Rights—guardian ad litem for parent—emotional problems**

    An order terminating a mother's parental rights was reversed because the court did not appoint a guardian ad litem for her despite allegations and findings concerning depression, personality disorder, and emotional problems. N.C.G.S. § 7B–1111(a)(6).

Appeal by respondent mother from order entered 15 May 2003 by Judge M. Patricia DeVine in Orange County District Court. Heard in the Court of Appeals 19 May 2004.

*Northen Blue, L.L.P., by Carol J. Holcomb and Samantha H. Cabe for the petitioner Orange County Department of Social Services.*

*Rebekah W. Davis for the respondent-appellant mother.*

*Karen Davidson for the Guardian Ad Litem.*

ELMORE, Judge.

P.B. (respondent) appeals from an order entered 15 May 2003 terminating her parental rights with respect to her daughter, S.B. We note that a companion case, captioned *In the Matter of: S.B.*, COA03-1001 and filed concurrently with this opinion, sets forth a comprehensive history of petitioner Orange County Department of Social Service's (OCDSS) involvement with respondent, S.B, and other family members.[1] For the reasons set forth herein, we reverse the trial court's order.

―――――――――

1. COA 03-1001, which was heard by a different panel of this Court on 31 March 2004, is a separate appeal by S.B.'s father O.B. from a separate order terminating his parental rights with respect to S.B.

IN RE S.B.

[166 N.C. App. 494 (2004)]

The pertinent procedural and factual history as reflected by the record is as follows: S.B. is the biological child of respondent and her husband, O.B. Respondent and O.B. have had a twenty-year relationship marked by frequent instances of domestic violence and marital separation, as well as chronic substance abuse by O.B. On 17 January 2002, the district court granted OCDSS non-secure custody of S.B., as well as her two half-siblings, after OCDSS filed a petition alleging neglect and dependency. The petition alleged, *inter alia*, that respondent "is not mentally healthy. She sometimes appears to be socially phobic, unable to care for the family and unable to follow through with taking advantage of services offered to her." On 21 November 2002, following a permanency planning review hearing, the district court entered an order relieving OCDSS of reunification efforts and changed the permanent plan for S.B. to adoption.

On 21 January 2003, OCDSS filed a motion in the cause to terminate respondent's parental rights with respect to S.B. The motion alleged, in pertinent part, as follows:

7. That [respondent] is incapable of providing for the proper care and supervision of [S.B.], such that [S.B.] is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition.

8. Dr. David Ziff completed a psychological evaluation on Respondent which has previously been submitted as evidence and is part of the record. The evaluation indicates that Respondent suffers from depression, personality and emotional problems, which render her unable to parent [S.B.]

. . . .

On 16 April 2003, a hearing was held on the OCDSS motion to terminate respondent's parental rights to S.B. By order entered 15 May 2003, the trial court granted the motion and terminated respondent's parental rights with respect to S.B. The trial court's order contained the following pertinent findings of fact:

10. Dr. David Ziff, a clinical and forensic psychologist, completed a psychological examination on [respondent] by prior Court Order. He found [respondent] to be limited in her intellectual

functioning, to have a personality disorder, NOS (not otherwise specified) with avoidant and dependent features and to suffer from depression. Dr. Ziff is of the opinion, and the Court so finds, that [respondent] is not able to adequately parent her children, all of whom have special needs, and this Court so finds.

. . .

16. [Respondent] is socially isolated and does not have adequate social support to assist with the difficult task of parenting her children. She does not have adequate independent living skills to care for herself and her children. She has not been able to make good decisions which would protect the children from certain risks and she has not learned, nor does she understand, the consequences of her behavior in relation to the children.

17. [Respondent] does not know or understand the normal developmental needs of children and she does not know how to develop a plan to meet those needs. She does not know or understand the effects of abuse and neglect on children nor how to develop a strategy to meet her children's special needs, which are the result of neglect and possible abuse.

. . .

22. [Respondent] is not able to parent the children who are now in the custody of [OCDSS].

. . .

The trial court then concluded as follows:

27. That [respondent] is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition.

. . .

The trial court then ordered that the parental rights of respondent with respect to S.B. be terminated. From this order, respondent now appeals.

By her first assignment of error, respondent contends the trial court erred by failing to appoint a guardian ad litem to represent her at the termination hearing. We agree.

Section 7B-1101 of our General Statutes *mandates* appointment of a guardian ad litem to represent a parent in proceedings to terminate that parent's parental rights "*[w]here it is alleged* that [the] parent's rights should be terminated pursuant to G.S. 7B-1111[a](6), and the incapability to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition." N.C. Gen. Stat. § 7B-1101(1) (2003) (emphasis added). Section 7B-1111(a)(6) of our General Statutes states that the trial court may terminate a parent's rights upon a finding that the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependant juvenile within the meaning of N.C. Gen. Stat. § 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. The statute specifically provides that "[i]ncapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-1111(a)(6) (2003).

This Court has previously held that "[i]n cases '[w]here it is alleged that a parent's rights should be terminated pursuant to G.S. 7B-1111(a)(6)[,]' our statutes require that a guardian ad litem be appointed to represent the parent." *In re Dhermy*, 161 N.C. App. 424, 429, 588 S.E.2d 555, 558 (2003) (quoting N.C. Gen. Stat. § 7B-1101(1)); *see also In re Estes*, 157 N.C. App. 513, 515, 579 S.E.2d 496, 498, *disc. review denied*, 357 N.C. 459, 585 S.E.2d 390 (2003). Moreover, "[f]ailure to meet this requirement results in remand of the case to the trial court for appointment of a guardian ad litem, as well as a rehearing." *Dhermy*, at 429, 588 S.E.2d at 558; *In re J.D.*, 164 N.C. App. 176, 182, 605 S.E.2d 643, 646-47 (2004). This is true even when the respondent parent fails to request a guardian ad litem, and even where the respondent mother was likely not prejudiced by the error. *In re Richard v. Michna*, 110 N.C. App. 817, 822, 431 S.E.2d 485, 488 (1993).

In the present case, the motion in the cause to terminate respondent's parental rights with respect to S.B. alleges in paragraph seven, as grounds for terminating respondent's parental rights, S.B.'s juvenile dependency due to respondent's "incapability" in language that

tracks the statutory language of section 7B-1111(a)(6). The motion then proceeds to allege, in paragraph eight, that respondent has been diagnosed as "suffer[ing] from depression, personality and emotional problems, which render her unable to parent" S.B. Moreover, the trial court's order contains findings regarding respondent's limited intellectual functioning and diagnoses of personality disorder and depression, as well as the effect of these conditions on her ability to parent S.B. Finally, in paragraph 27 of the TPR order, the trial court concluded as a matter of law that respondent is incapable of providing for S.B.'s proper care and supervision such that S.B. is a dependent juvenile, and that there is a reasonable probability respondent's incapability to do so will continue for the foreseeable future. We note that, as with the language employed by OCDSS in the TPR motion, the language employed by the trial court in this conclusion of law tracks the statutory language of section 7B-1111(a)(6). Accordingly, respondent was entitled, pursuant to section 7B-1101 and to previous decisions of our appellate courts, to appointment of a guardian ad litem before the trial court heard the motion to terminate her parental rights. Because the statutory mandate for appointment of a guardian ad litem was violated, we reverse the order terminating respondent's parental rights with respect to S.B. and remand this case for appointment of a guardian ad litem for respondent and a new hearing.

We do not reach respondent's remaining assignments of error because the first issue is dispositive.

Reversed and remanded.

Judges BRYANT and GEER concur.