**IN RE D.S.C.**

[168 N.C. App. 168 (2005)]

IN THE MATTER OF: D.S.C., Minor Child

No. COA04-264

(Filed 18 January 2005)

**Termination of Parental Rights— guardian ad litem for parent—appointment by court required**

The trial court erred by terminating respondent mother's parental rights to her son before appointing a guardian ad litem (GAL) to represent her interests pursuant to N.C.G.S. § 7B-1101 when the Department of Social Services' (DSS) petition alleged grounds for termination under N.C.G.S. § 7B-1111(a)(6) based on respondent's physical conditions of having lupus and being prone to seizures, because: (1) the relevant time for the mandate of N.C.G.S. § 7B-1101 is when the termination petition is filed and not when the hearing is held; (2) on the day the petition was filed, the applicable prior version of N.C.G.S. § 7B-1101 mandated appointment of a GAL where it is alleged that a parent's rights should be terminated pursuant to N.C.G.S. § 7B-1111(a)(6), and there was no qualifying or narrowing language as is present in the current version; and (3) it was incumbent upon the court to appoint respondent a GAL, and the trial court was not free to make the determination of whether N.C.G.S. § 7B-1111(a)(6) allegations were based on physical or mental incapability that allowed for an appointment of a GAL only if it determined mental incapability was alleged.

Appeal by respondent mother from judgment entered 2 October 2003 by Judge Gary S. Cash in Buncombe County District Court. Heard in the Court of Appeals 22 September 2004.

*Michael N. Tousey, for Buncombe County Department of Social Services and Guardian Ad Litem for Angela Baisley, petitioner appellees.*

*Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, for respondent appellant.*

McCULLOUGH, Judge.

Respondent-mother ("respondent"), appeals from the district court order terminating parental rights to her son D.C. D.C.'s father, whose parental rights were terminated in the same order, has brought no appeal.

IN RE D.S.C.

[168 N.C. App. 168 (2005)]

The rather extensive background facts of this case have been tailored to address the issues of this appeal. D.C. was born 27 weeks premature on 15 July 1998 in Buncombe County. D.C. has had a variety of serious health conditions, including seizures, asthma, walking problems, speech problems, and behavior problems. Respondent also has had a variety of health conditions, including lupus and seizures. At the time of the termination hearing, respondent was on kidney failure dialysis, and taking medicine three times a day to treat her condition.

After D.C. was twice adjudicated neglected, and after a number of permanency planning hearings, Buncombe County Department of Social Services ("BCDSS" or "petitioner") petitioned to terminate respondent's parental rights on 8 January 2003. One of the grounds for termination was that D.C. was dependent pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) (2003). After a hearing on 8 August 2003, the court ordered termination of respondent's rights on the following grounds: that she neglected D.C. pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (2003); that she willfully left D.C. in foster care or placement outside the home for more than 12 months, pursuant to N.C. Gen. Stat. § 7B-1111(a)(2); and that she was incapable of providing the proper care and supervision for D.C. pursuant to N.C. Gen. Stat. § 7B-1111(a)(6).

In her appeal from this order, respondent raises the following issues: (I) that the trial court erred in proceeding to terminate her parental rights before appointing a Guardian ad Litem ("GAL") to represent her interests; (II) that the trial court's findings of fact lacked clear, cogent, and convincing evidence to support any of the alleged grounds for termination; and (III) that the trial court failed to conduct a dispositional hearing as required by statute.[1] For the reasons stated herein, we reverse the trial court's termination order and remand this case for rehearing.

## Guardian Ad Litem/Incapable Parent

Respondent argues that, pursuant to N.C. Gen. Stat. § 7B-1101 (2002), the court was under statutory mandate to appoint a GAL where BCDSS's petition alleged grounds for termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(6). Petitioner argues that N.C. Gen. Stat. § 7B-1101 (2001), as amended and in effect on the day of the termination hearing, required a GAL be appointed only in instances where

---

1. While not timely filed, we address the merits of this appeal under the explicit powers of this Court to prevent manifest injustice to a party. N.C.R. App. P. 2 (2004).

a parent's "mental incapacity" is alleged. Additionally, petitioner argues that even if the prior version of N.C. Gen. Stat. § 7B-1101 is applicable, that version did not mandate the trial court to appoint a GAL on the facts of this case. Because we hold (I) that the relevant time for the mandate of N.C. Gen. Stat. § 7B-1101 to take effect is when the termination petition is filed and not when the hearing is held, and (II) that the applicable prior version of N.C. Gen. Stat. § 7B-1101 mandated appointment of a GAL in this case, we reverse the trial court on this issue.

### I. When Mandate of N.C. Gen. Stat. § 7B-1101 Takes Effect

Prior to 4 June 2003, N.C. Gen. Stat. § 7B-1101 required the trial court to appoint a GAL where "it is *alleged* that a parent's rights should be terminated pursuant to G.S. 7B-1111(6)." N.C. Gen. Stat. § 7B-1101 (emphasis added). Pursuant thereto, we have held that where the court failed to appoint a GAL, although there was no evidence that the respondent had been prejudiced by such failure, per se reversal was called for because " 'the mandate of the statute must be observed, and a guardian ad litem must be appointed.' " *In re Estes,* 157 N.C. App. 513, 517, 579 S.E.2d 496, 499 (quoting *Richard v. Michna,* 110 N.C. App. 817, 822, 431 S.E.2d 485, 488 (1993), *disc. review denied,* 357 N.C. 459, 585 S.E.2d 390 (2003)) (reversing and remanding for appointment of GAL and a new hearing). In *Richard,* the mother was alleged to be incapable of maintaining her parental rights due to mental retardation and other mental conditions. *Richard,* 110 N.C. App. at 821, 431 S.E.2d at 488. In *Estes,* the mother was alleged to be incapable of maintaining her parental rights due to mental illness. *Estes,* 157 N.C. App. at 517, 579 S.E.2d at 499.

Effective 4 June 2003, N.C. Gen. Stat. § 7B-1101 was amended to require appointment of a GAL where

> it is alleged that a parent's rights should be terminated pursuant to G.S. 7B-1111(6), *and* the incapability to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition.

N.C. Gen. Stat. § 7B-1101(1) (2003) (emphasis added). Borrowing from the language of N.C. Gen. Stat. § 7B-1111(a)(6),[2] the amended version of N.C. Gen. Stat. § 7B-1101 qualifies and narrows the

---

2. The language of N.C. Gen. Stat. § 7B-1111(a)(6) has not changed from the 2001 to 2003 editions of the General Statutes.

**IN RE D.S.C.**

[168 N.C. App. 168 (2005)]

appointment of a GAL to only those instances where (a)(6) grounds for termination allege some mental incapability.

Petitioner argues that the amended and more narrow version of N.C. Gen. Stat. § 7B-1101(1) was controlling at the 8 August 2003 termination hearing. Under this version, petitioner contends that only where the petition alleges "substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition" does the statute mandate the court appoint a GAL. *Id.* As respondent suffered from lupus and seizures, conditions not of the kind petitioner believes to be contemplated by this statute, petitioner asserts the court did not err in failing to appoint a GAL. Alternatively, petitioner argues that under the prior version of N.C. Gen. Stat. § 7B-1101, a GAL was still only mandated by the statute where "mental incapacity" was alleged in the termination petition.

As a threshold matter, we hold that the proper time for appointing a GAL where grounds for termination are based on N.C. Gen. Stat. § 7B-1111(a)(6) is upon the filing of the petition. Appointment of a GAL under this statute is for the purpose of protecting and ensuring, at the very least, the procedural due process rights of a parent who may be later adjudicated as "incapable." *See* N.C. Gen. Stat. § 1A-1, Rule 17(e); *In re Shepard*, 162 N.C. App. 215, 227, 591 S.E.2d 1, 9 (2004); *In re Montgomery*, 311 N.C. 101, 115, 316 S.E.2d 246, 255 (1984). We believe, as contemplated by the legislature, if the trial court first complied with the requirements of N.C. Gen. Stat. § 7B-1101 for GAL appointment on the day of the termination hearing, there would be insufficient protection for the rights of parents who may otherwise be incapable of facilitating these rights on their own. Furthermore, the statute speaks to when termination is "alleged" pursuant to N.C. Gen. Stat. § 7B-1111(a)(6), clearly placing the burden on the court to appoint a GAL by way of notice in the petition.

In a related action seeking to adjudicate a child dependent, where that statute has a similar mandate for appointment of a GAL in certain instances, we have looked to the commencement of the action for the determination of whether the court's failure to appoint a GAL constituted error. *In re H.W.*, 163 N.C. App. 438, 447-48, 594 S.E.2d 211, 218-19, *disc. review denied*, 538 N.C. 543, 599 S.E.2d 46 (2004); N.C. Gen. Stat. § 7B-602(b)(1) (2003). In *H.W.*, we found no *prejudice* despite the court's error in failing to appoint a GAL at commencement of the action because a GAL was present for every critical stage of the adjudication proceedings. Similarly, in a termination action, we found no prejudice where the court failed to appoint a GAL

despite BCDSS's alleged grounds for termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(6). *In re Dhermy*, 161 N.C. App. 424, 429-30, 588 S.E.2d 555, 558-59 (2003). The basis for *Dhermy* was that the parent was not prejudiced by the error "since [N.C. Gen. Stat. § 7B-1111(a)(6) grounds] was not pursued by BCDSS at the hearing or found as a grounds for termination by the trial court." *Id.* In the case at bar, N.C. Gen. Stat. § 7B-1111(a)(6) was a grounds for termination pursued by BCDSS, respondent was not represented by a GAL at any of the termination proceedings, and this grounds for termination was specifically found as a matter of law by the trial court.

Therefore, we look to the version of N.C. Gen. Stat. § 7B-1101 (2001) in effect the day the petition was filed for our analysis of whether the court erred in failing to appoint a GAL in this case.

*II. Mandate of N.C. Gen. Stat. § 7B-1101 in Effect*

On 8 January 2003, the day the petition was filed, the trial court was required to appoint a GAL "[w]here it is *alleged* that a parent's rights should be terminated pursuant to G.S. 7B-1111(6)." N.C. Gen. Stat. § 7B-1101 (2001) (emphasis added). BCDSS, in their petition, alleged that grounds for termination existed under N.C. Gen. Stat. § 7B-1111(a)(6), stating:

4. That pursuant to N.C.G.S. 7B-1111(a)(6) the Respondent Mother is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of N.C.G.S. 7B-101, and there is a reasonable probability that such incapability will continue for the foreseeable future, to wit:

   a) That the Respondent Mother suffers from Lupus and is prone to having seizures. That the Court therefore previously ordered that the Respondent Mother was not to be alone with the minor child at any time.

   b) That following a court-sanctioned unsupervised, extended visit with the Respondent Mother in January 2002, the court thereafter determined that the Respondent Mother was unable to adequately care for the minor child, to wit:

      1) That the Respondent Mother did not ensure that the minor child was getting to the daycare at the appropriate times for his therapies to continue on a regular basis.

2) That the Respondent Mother failed to arrange a schedule for the minor child to have his therapies as the DEC had recommended, and she did not schedule any therapy with the Blue Ridge Center.

3) That the Respondent Mother did not supply the needed medications for the minor child after his medication was destroyed in a fire.

4) That the Respondent Mother indicated to the Department that the minor child drained her emotionally, physically, and mentally.

We hold that these allegations, when filed, mandated appointment of a GAL under N.C. Gen. Stat. § 7B-1101 (2001).

We do not believe, as petitioner contends, that even if the prior version of N.C. Gen. Stat. § 7B-1101 was controlling, that this would mandate appointment of a GAL for only a judicially proscribed "mental incapacity" subset of petitions which cite N.C. Gen. Stat. § 7B-1111(a)(6) as grounds for termination. Petitioner points the Court to a number of cases for their argument. *See, e.g., Estes,* 157 N.C. App. 513, 579 S.E.2d 496; *Richard,* 110 N.C. App. 817, 431 S.E.2d 485; and *Shepard,* 162 N.C. App. 215, 591 S.E.2d 1. Petitioner asserts that, because respondent suffered from a "physical disability," no version of N.C. Gen. Stat. § 7B-1101 warrants appointment of a GAL.

Our Court has previously held "the exclusive judicial procedure to be used in termination of parental rights cases is prescribed by the Legislature." *Curtis v. Curtis,* 104 N.C. App. 625, 626-27, 410 S.E.2d 917, 919 (1991) (emphasis added) (trial court erred by granting summary judgment in a termination action because the relevant statute does not provide for a summary proceeding); *see also In re Peirce,* 53 N.C. App. 373, 380, 281 S.E.2d 198, 203 (1981) (the court declined to add by imputation the right to file a counterclaim to the statutorily established procedure for the termination of parental right); *In re Jurga,* 123 N.C. App. 91, 96, 472 S.E.2d 223, 226 (1996) (the court found that nothing in the statutorily established procedure for the termination of parental rights allowed for a unilateral declaration of termination by the parents, and declined to find so by imputation). While the holdings of these cases have declined to judicially impute procedural rights to parties which are not otherwise authorized by the termination statute, on the flip side of the same token we here decline to impute judicial limitations to rights plainly given under the termination statutes.

At the time BCDSS's petition for termination was filed, the plain language of N.C. Gen. Stat. § 7B-1101 (2001) required appointment of a GAL to the respondent whose parental rights were under threat of termination "pursuant to N.C. Gen. Stat. § 7B-1111(a)(6)." There was no qualifying or narrowing language in N.C. Gen. Stat. § 7B-1101 taken from N.C. Gen. Stat. § 7B-1111(a)(6), as is present in the current version.[3]

N.C. Gen. Stat. § 7B-1111(a)(6) states in full:

(6) That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision *may* be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

(Emphasis added.) The statute provides that parental "incapability" "may" be the result of some mental incapacity or handicap, but that these are not the only causes resulting in a parent's incapability to care for their child. Therefore, BCDSS petitioned for termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) based on respondent's unfortunate physical conditions of having lupus and being prone to seizures, and the court concluded the same as a matter of law.

Under the plain language and broad mandate of N.C. Gen. Stat. § 7B-1101 (2001) controlling at the time the petition was filed, it was incumbent upon the court to appoint respondent a GAL. The trial court was not free to make the determination of whether § 7B-1111(a)(6) allegations were based on physical or mental incapability, and appoint a GAL only if it determined mental incapability was alleged. The plain language of the controlling version of N.C. Gen. Stat. § 7B-1101 did not distinguish on which (a)(6) basis a GAL should be appointed, and the court erred in failing to appoint one in this instance.

Therefore we mandate a rehearing to determine the parental rights of respondent, and that she be appointed a GAL in accord with

---

3. We make no determination as to whether, under the current version of N.C. Gen. Stat. § 1101 (2003), a GAL should have been appointed based upon the facts of this case.

ESTATE OF APPLE v. COMMERCIAL COURIER EXPRESS, INC.

[168 N.C. App. 175 (2005)]

this opinion. This mandate makes unnecessary review of the remaining issues raised by respondent.

Reversed and remanded.

Judges MCGEE and ELMORE concur.