613 S.E.2d 318 (2005)
In the Matter of K.R.S.
No. COA04-1381.
Court of Appeals of North Carolina.
June 7, 2005.
Lunday A. Riggsbee, Pittsboro, for petitioner-appellee Chatham County Department of Social Services.
Richard E. Jester, Louisburg, for respondent-appellant.
TIMMONS-GOODSON, Judge.
Respondent appeals the trial court order terminating her parental rights to her minor daughter, Kate.[1] Because the trial court erred by failing to appoint a guardian ad litem for respondent, we reverse the trial court order and remand the case for a new trial.
The facts and procedural history pertinent to the instant appeal are as follows: On 29 September 2003, Chatham County Department of Social Services ("petitioner") filed a petition to terminate respondent's parental rights to Kate. The petition contained the following pertinent allegations:
1. That [Kate] was born May 17, 2002, and currently resides in foster care in Chatham County, North Carolina.
....
3. That [petitioner] has been given custody of [Kate] in an order dated May 20, 2002, and an order finding [Kate] dependent was entered at a hearing on October 24, 2002.
....
6. That grounds exist for the termination of the parental rights of [respondent], pursuant to N.C.G.S. 7B-1111[(a)](1) in that [petitioner] has neglected [Kate], and/or pursuant to N.C.G.S. 7B-1111[(a)](7) in that [respondent] has abandoned [Kate], and/or pursuant to N.C.G.S. 7B-1111[(a)](6) in that [respondent] is incapable of providing for the proper care and supervision of [Kate], such that [Kate] is a *319 dependent juvenile and that there is a reasonable probability that such incapability will continue for the foreseeable future, in that:
a) [Petitioner] uses crack cocaine, and both [petitioner] and [Kate] tested positive for crack cocaine at the birth of [Kate].
b) [Petitioner] had not followed through with any drug treatment programs since the birth of [Kate]. She has entered and left several programs since the birth of [Kate].
....
7. That it is in the best interests of [Kate] to terminate the parental rights of [petitioner].
The matter came to trial on 26 February 2004. Following presentation of evidence and argument from both parties, the trial court requested that petitioner and Kate's guardian ad litem prepare a proposed order of termination, and that respondent's attorney be given an opportunity to comment on the proposed order's findings. The trial court stated that it would enter its order after the proposed order had been presented, and it "reserve[d] the right in its discretion to request further hearings and to further consider the best interests of [Kate]."
On 7 May 2004, the trial court notified the parties of a hearing regarding its "taking [of] judicial notice of the record in civil and criminal proceedings ... involving the respondent," and a hearing was held on the matter on 13 May 2004. Following the hearing, the trial court took judicial notice of the underlying files. In an order entered 17 May 2004, the trial court made the following pertinent findings of fact:
9. Grounds exist for the termination of the parental rights of [respondent] pursuant to NCGS 7B-1111(a)(1) and (7) in that:
(a) [Respondent] and [Kate] tested positive for cocaine at [Kate's] birth, May 17, 2002.
(b) [Respondent] has a long history of use of crack cocaine and alcohol.
(c) [Respondent] left voluntary residential drug treatment (Day by Day, Selma, NC[]) where she was placed with [Kate] after [Kate's] birth pursuant to [petitioner's] reunification effort and May 22, 2002, voluntary agreement, against advice of treatment providers and with express notice and warning that [Kate] would be removed from her care and placement and placed in foster care if she left the treatment program.
(d) Upon the direction and encouragement of [petitioner] as part of their reunification efforts [respondent] enrolled in outpatient treatment at the Horizon Outpatient Substance Abuse program (UNC Hospitals). However, after a brief period of attendance she failed to cooperate and attend sessions, in spite of her parents' encouragement and program assistance with transportation, and she dropped out of the outpatient treatment.
(e) Subsequent to dropping out of the Horizon Program, during a court ordered evaluation of [respondent] by David Rademacher, MA, LPA, NCP, [respondent] was diagnosed as suffering from cocaine dependency, alcohol abuse, with depression with psychotic features, post traumatic stress disorder and paranoid personality disorder. As a result of credible threats to the Department social worker made during the evaluation, [respondent] was involuntarily committed to John Umstead Hospital, and released shortly thereafter for outpatient care at Orange Person Chatham Mental Health; however [respondent] failed to attend outpatient treatment.
....
15. The opinion of [Kate's] guardian ad litem, as set forth and substantiated in the GAL report filed as GAL Exhibit 1, is that it is in the best interests of [Kate] that parental rights be terminated.
Based in part upon these findings of fact, the trial court concluded that sufficient grounds exist to terminate respondent's parental rights pursuant to N.C. Gen.Stat. § 7B-1111(a)(1) *320 and (7). After further concluding that it was in Kate's best interests to do so, the trial court ordered that respondent's parental rights to Kate be terminated. Respondent appeals.
The dispositive issue on appeal is whether the trial court erred by failing to appoint a guardian ad litem for respondent. Because we conclude that respondent was entitled to an appointed guardian ad litem pursuant to N.C. Gen.Stat. § 7B-1101, we reverse the trial court order and remand the case for a new trial.
N.C. Gen.Stat. § 7B-1111(a)(6) (2003) provides that a respondent's parental rights may be terminated upon a finding that the respondent "is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future." The statute further provides that such incapability "may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the [respondent] unable or unavailable to parent the juvenile and the [respondent] lacks an appropriate alternative child care arrangement." Id.
N.C. Gen.Stat. § 7B-1101(1) (2003) requires appointment of a guardian ad litem for the respondent where "it is alleged that [the respondent's] rights should be terminated pursuant to G.S. 7B-1111[(a)](6), and the incapability to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition." This Court has previously held that the requirement of N.C. Gen.Stat. § 7B-1101(1) is mandatory, and that a respondent does not lose the right to assert an error based upon a violation of N.C. Gen.Stat. § 7B-1101(1) by failing to request a guardian ad litem him or herself. See In re Estes, 157 N.C.App. 513, 517-18, 579 S.E.2d 496, 499 (citing In re Richard v. Michna, 110 N.C.App. 817, 821-22, 431 S.E.2d 485, 488 (1993)), disc. review denied, 357 N.C. 459, 585 S.E.2d 390 (2003).
In the instant case, as detailed above, the petition to terminate respondent's parental rights specifically alleged that sufficient grounds exist to terminate respondent's parental rights pursuant to N.C. Gen.Stat. § 7B-1111(a)(6). The petition alleged that Kate was a dependent juvenile and that there was a reasonable probability that respondent would remain incapable to provide for her care, in that respondent "uses crack cocaine" and "had not followed through with any drug treatment programs since" Kate's birth. However, despite these allegations, the trial court failed to appoint a guardian ad litem to represent respondent. We conclude that the trial court erred.
Petitioner contends that respondent is not entitled to a new trial because she has failed to demonstrate she was prejudiced by the trial court's error. In support of this contention, petitioner asserts that, prior to trial, it informed both the trial court and respondent that it would not proceed with termination pursuant to N.C. Gen.Stat. § 7B-1111(a)(6). However, we note that petitioner concedes that "the record does not reflect that statement verbatim, nor was the intent reduced to writing." Petitioner nevertheless maintains that respondent has failed to demonstrate prejudicial error because the trial court did not terminate respondent's parental rights pursuant to N.C. Gen.Stat. § 7B-1111(a)(6). In support of this contention, petitioner relies on In re Dhermy, 161 N.C.App. 424, 429, 588 S.E.2d 555, 559 (2003), in which this Court concluded that "although [the petitioner] should have formally dismissed Subsection 7B-1111(a)(6) as a ground for termination prior to the hearing, [the] respondent was not prejudiced by [the trial court's failure to appoint a guardian ad litem] since [the ground] was not pursued by [the petitioner] at the hearing or found as a ground for termination by the trial court." However, we note that in this Court's second opinion in Dhermy, we rejected this contention and reversed the trial court order terminating the respondent's parental rights, concluding that "the statutory mandate for appointment of a guardian ad litem was violated despite the *321 trial court not terminating [the] respondent's parental rights based on juvenile dependency." In re J.D., 164 N.C.App. 176, 182, 605 S.E.2d 643, 646, disc. review denied, 358 N.C. 732, 601 S.E.2d 531 (2004). We offered the following analysis for our conclusion:
While neglect was the ground ... pursued during the termination hearing and ultimately found by the trial court as the basis for terminating respondent's parental rights, there was nevertheless some evidence that tended to show that respondent's mental health issues and the child's neglect were so intertwined at times as to make separation of the two virtually, if not, impossible. In fact, in its order regarding adjudication, the trial court found that a doctor's psychological assessment of respondent was credible in that respondent's "psychological problems can negatively impact on her ability to be an adequate parent and caretaker. Further, that [respondent] was and is emotionally regressed and parenting would be a challenge to her." Moreover, the trial court considered respondent's mental health issues in its disposition order by stating that
the respondent mother cannot provide a safe and permanent home for the minor child as she lacks any insight into her own significant mental health issues, how her failure to protect her daughter damaged her daughter, that she helped to create the neglectful and abusive environment, and how this has been detrimental to her daughter.
Respondent therefore should have had a guardian ad litem act on her behalf at the termination hearing.
Id. (alterations in original).
In the instant case, although the trial court terminated respondent's parental rights based upon those grounds listed in N.C. Gen.Stat. § 7B-1111(a)(1) and (7), the record tends to show that the trial court considered respondent's ongoing substance abuse and mental illness in determining whether to terminate her parental rights. As detailed above, in the order terminating respondent's parental rights, the trial court found as fact that respondent "has a long history of use of crack cocaine and alcohol" and "was diagnosed as suffering from cocaine dependency, alcohol abuse, with depression with psychotic features, post traumatic stress disorder and paranoid personality disorder." Furthermore, the trial court noted respondent's "continue[d] cocaine use" when determining whether she had "fail[ed] to show reasonable progress under the circumstances in correcting the conditions that led to [Kate's] removal[.]" Finally, the trial court based its conclusion that it was in Kate's best interests to terminate respondent's parental rights upon a report which stated:
Although she can function well, [respondent] has what [a psychologist] has characterized as severe mental illness. She abuses both crack cocaine and alcohol .... [Respondent's] paranoid personality disorder appears to keep her from trusting the very people who could help her. [Respondent] has never been debriefed by the psychologist as to the results of her evaluation 18 months ago so she has never been told about her own mental illness directly and from a credible source.
In light of the foregoing, we conclude that evidence of respondent's mental health and substance abuse was "so intertwined" with evidence supporting the grounds of termination relied upon by the trial court that "at times ... separation of the two [was] virtually, if not, impossible." J.D., 164 N.C.App. at 182, 605 S.E.2d at 646. Therefore, we hold that respondent was entitled to an appointed guardian ad litem, and accordingly, we reverse the trial court order terminating respondent's parental rights, and we remand the case for appointment of a guardian ad litem and a new trial.
Reversed and Remanded.
Judges McCULLOUGH and STEELMAN concur.
NOTES
[1] For the purposes of this opinion we will refer to the minor child by the pseudonym "Kate."